Dear Representative Winston:
You have asked this office to answer the following questions: (1) Can a St. Tammany parish employee (specifically, the Social Services Coordinator of St. Tammany Parish) serve as a board member of the Florida Parishes Human Services Authority? (hereafter the Authority). (2) Can a member of the Board of Directors for a local non-profit organization serve as board member of the Authority?
Act 594 of the 2003 Louisiana Regular Legislative Session created the Florida Parishes Human Services Authority in R.S. 28:851, et seq. L.R.S.28:852 provides for a governing board and its membership as follows, in pertinent part:
 § 853. Governing board, membership; appointment, terms; compensation
 A. The authority shall be governed by a board of nine members. The board shall include three residents from the parish of St. Tammany; two residents each from the parishes of Livingston and Tangipahoa; and one resident each from the parishes of St. Helena and Washington.
 B. (1) The members shall be appointed by the governing authority of each parish. All appointments shall require ratification by a plurality of the legislative delegation representing the five parishes which are included in the authority. The initial appointments shall be made no later than January 1, 2004.
 (2) Parishes with two board members shall be represented by one practitioner and one advocate or consumer. Both shall have a history of involvement in one or more of the three areas of service. The advocates shall have demonstrated an active history of support and involvement in one or more of the services areas. Consumers shall have received services in one or more of the three service areas provided by the authority.
 (3) The appointments shall be professionals or active advocates in the fields of mental health, developmental disabilities, or substance abuse services.
Of specific concern here is the language of R.S. 28:852(F) providing:
 F. No member of the board or of his immediate family shall own or have any interest or part in any public or private organization, business, company, or entity conducting business of any kind with the authority.
As applicable here, R.S. 28:852(F) prohibits a board member from having any interest or part "in any public . . . . . entity conducting business of any kind with the authority."
Further, Act 594 delegates responsibility for management of services for developmental disabilities to the Authority;[1] you advise that the parish government provides rented space for the operation of an office for citizen's developmental disabilities; thus, the question becomes, is the individual of concern in your first question prohibited from board service because she is an employee of the parish which leases space to the Authority? We think not; it is our opinion that the "entity" conducting business with the Authority is the governing body of the parish, and not a parish employee. Thus, a parish employee is not prohibited from service on the board of the Authority on the sole basis of his employment with the parish.
The individual mentioned in your second question is more problematic. You advise that this individual is already a member of the board of directors of a local non-profit organization which "may do business with the Authority." If the organization does business with the Authority, the provisions of R.S. 28:852(F) would apply and prohibit this individual from appointment to the Authority board. To rephrase, it is enough that this individual has an "interest or part in any public . . . . . entity" which conducts business with the Authority to invoke the prohibition of R.S. 28:852(F).
Any ethical concerns raised by the facts are governed by the Code of Governmental Ethics. Interpretations of those statutes are within the jurisdiction and authority of the Louisiana State Ethics Commission. It is suggested that you seek the further opinion of the Commission regarding your questions.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
cc: Louisiana State Board of Ethics
[1] Act 594 provides:
Section 3. R.S. 36:254(H) and 258(H) are hereby enacted to read as follows:
§ 254. Powers and duties of the secretary of the Department of Health and Hospitals
* * * * *
H. (1) The functions relative to the operation and management of community based mental health, developmental disabilities, and addictive disorder services for the parishes of Livingston, St. Helena, St. Tammany, Tangipahoa, and Washington transferred in accordance with R.S.28:851 et seq. shall be the responsibility of and shall be performed by the Florida Parishes Human Services Authority. If funds are not appropriated by the legislature for the authority to perform these functions in those parishes, the functions shall be the responsibility of and shall be performed by the department in those parishes.
(2) Funds appropriated by the legislature for the costs of providing those functions and services transferred from the department to the authority shall be included in the department budget and shall be transferred from the department to the authority in accordance with the agreement between the secretary of the department and the authority. The secretary shall provide for the inclusion of such funds in the department budget request. Finding for the authority from such source shall be at least at the same level and from the same means of financing as provided for similar programs funded through the department budget in other parishes or regions of the state.
* * * * *
§ 258. Offices; purposes and functions
H. Notwithstanding the provisions of Subsections C, D. and E, the Florida Parishes Human Services Authority shall be responsible for and shall perform the functions relative to the operation and management of mental health, developmental disabilities, and addictive disorder services for the parishes of Livingston, St. Helena, St. Tammany, Tangipahoa, and Washington, and the department shall not be responsible for nor perform such functions.